IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN STEVENS, Individually and as Mother, Guardian and Next Friend of MADDY OLIVIA STEVENS and FENNER ZIMBLE STEVENS, Minors,<br><br>        Plaintiffs,<br><br>   v.<br><br>ELI LILLY AND COMPANY,<br><br>        Defendant. | CIVIL ACTION No.  03-CV-12346 (PBS) |

### AFFIDAVIT OF BRIAN L. HENNINGER
### IN SUPPORT OF ELI LILLY AND COMPANY'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Brian L. Henninger, being first sworn on oath, say that the following is true and correct:

1.     I am an attorney at Foley Hoag LLP, counsel for Eli Lilly and Company ("Lilly") in this action.  I am duly admitted to practice in the District of Massachusetts.

2.     Attached as Exhibit 1 is a true copy of Plaintiffs' Complaint.

3.     Attached as Exhibit 2 is a true copy of Plaintiff Karen Stevens' Answers to Defendant's First Set of Interrogatories.

Dated:  August 10, 2004

                                            Brian L. Henninger

Sworn before me this _10_ th day of August, 2004

                                      Notary Public:
                                      My commission expires:  _____

ANNMARIE F. SILVASY
Notary Public
Commonwealth of Massachusetts
My Commission Expires
January 28, 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Civil Division

KAREN STEVENS, Individually
and as Mother, Guardian and Next Friend of
MADDY OLIVIA STEVENS and
FENNER ZIMBLE STEVENS, Minors
302 Kent Hollow Road
Kent, CT 06757

          **Plaintiffs,**

      v.

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285
w/s/o NATIONAL REGISTERED AGENTS, INC.
1090 Vermont Avenue, NW, #910
Washington, DC 20005

          **Defendant.**

CASE NUMBER  1:03CV00265

JUDGE: Ricardo M. Urbina

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: 02/19/2003

### COMPLAINT
### (DES Litigation - Products Liability, Punitive Damages)

1.    Jurisdiction is founded upon 28 U.S.C. §1332(a).

2.    The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.    Plaintiff, Karen Stevens, is a citizen of the United States, a resident of Connecticut, and was born in the State of Massachusetts.

4.    Plaintiff Karen Stevens brings this suit individually and as the mother, guardian and next friend of Plaintiffs Fenner Zimble Stevens and Maddy Olivia Stevens, minors. Said minor plaintiffs are citizens and residents of the State of Connecticut.

5.    Defendant is a resident of and has its principal place of business in the State of Indiana and is the manufacturer of Diethylstilbestrol ("DES"), who sold and promoted the drug to Sondra Perellis Zimble, the mother of the Plaintiff Karen Stevens, in 1965 and 1966 in Massachusetts.

6.    Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia. The Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental approval for DES. Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety. These meetings, conferences and agreements occurred in the District of Columbia.

### COUNT I
### (Negligence - Karen Stevens v. Eli Lilly and Company)

7.    During her pregnancy with Plaintiff Karen Stevens on or about 1965 and 1966, the mother of the Plaintiff, Sondra Perellis Zimble, purchased and ingested DES in the state of Massachusetts, exposing her daughter to same during her formation. Said drug was prescribed by her treating obstetrician during the pregnancy. The drug ingested was manufactured, sold, distributed and promoted by Defendant Lilly.

8.    As a result of Plaintiff Karen Steven's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations and an incompetent cervix, resulting in the inability to carry a pregnancy to term, the premature births of minor Plaintiffs Fenner Zimble Stevens and Maddy Olivia Stevens, medical expenses for care and treatment, physical and mental pain, and the inability to have the family she desired.

9.    Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability - Karen Stevens v. Eli Lilly and Company)

10.    All of the allegations contained in paragraphs 1 though 9 are hereby realleged.

11.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

12.    Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

13.    As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff Karen Stevens was unreasonably exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

14.    By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff Karen Stevens for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty - Karen Stevens v. Eli Lilly and Company)

15.    All of the allegations contained in paragraphs 1 through 14 are hereby realleged .

16.   At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

17.   Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff Karen Stevens and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

18.   At all times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

19.   As a direct result of the breach of warranties by the Defendant, Plaintiff Karen Stevens has been injured as aforesaid.

### COUNT IV
### (Misrepresentation - Karen Stevens v. Eli Lilly and Company)

20.   All of the allegations contained in paragraphs 1 through 19 are hereby realleged.

21.   Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

22.   The mother of the Plaintiff Karen Stevens and her attending physicians, did, in fact, rely on Defendant's representations in its advice about purchase, use, and consumption of DES.

23.   At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts

available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

24.  As a direct result of said false representations by Defendant, Plaintiff Karen Stevens was injured as aforesaid.

## COUNT V
### (Negligence - Fenner Zimble Stevens and
### Maddy Olivia Stevens, Minors v. Eli Lilly and Company)

25.  Plaintiff Karen Stevens brings this suit as mother, guardian and next friend of Fenner Zimble Stevens and Maddy Olivia Stevens, minors, who were injured as a result of their premature births, as a result of their mother's, Plaintiff Karen Stevens', exposure to DES in utero.

26.  The drug DES is a transplacental teratogen capable of crossing the placenta and entering the blood stream of the developing fetus. The reproductive tract of the developing female is sensitive to the estrogenic stimulation of DES (a synthetic estrogen promoted, manufactured, sold and distributed by Defendant). In 1965 and 1966, Sondra Perellis Zimble, the minor Plaintiffs' grandmother, ingested DES which caused her daughter's developing reproductive tract to become deformed, marred and stunted. This defect is such that the organs (uterus and incompetent cervix) are not capable of holding back, restraining or delaying pregnancy. The infant, Fenner Zimble Stevens, was born 8 weeks early, at 32 weeks gestation, because of his mother's DES-injured birth uterus, which he shared for the 32 weeks of her gestation. As a result, Fenner Zimble Stevens was born prior to full maturity of his lungs, brain and body, resulting in permanent and severe injuries, including, but not limited to patent ductus arteriosus requiring triple ligation cardiac surgery and cardiological monitoring and neurological and cognitive disorders and deficits, all of which have caused and continue to cause pain and suffering, medical and surgical expenses, loss of future earnings, therapeutic expenses and loss of enjoyment of life. The infant, Maddy Olivia Stevens, was

born 15 weeks early, at 25 weeks gestation, because of her mother's DES-injured birth uterus, which she shared for the 25 weeks of her gestation. As a result, Plaintiff Maddy Olivia Stevens was born prior to full maturity of her lungs, brain and body, resulting in permanent and severe injuries, including, but not limited to, necrotizing enterocolitis necessitating several surgical procedures, bronchopulmonary dysplasia, retinopathy of prematurity and neurological and cognitive disorders and deficits, all of which have caused and continue to cause pain and suffering, medical and surgical expenses, loss of future earnings, therapeutic expenses and loss of enjoyment of life.

27. Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

### COUNT VI
**(Strict Liability - Fenner Zimble Stevens and
Maddy Olivia Stevens, Minors v. Eli Lilly and Company)**

28. All of the above allegations are realleged and incorporated herein by reference.

29. Prior to 1965 and 1966, the date the Plaintiffs' birth uterus was injured, numerous reports were received in the medical and scientific literature to the effect that:

      a.    DES, as well as many other chemicals, could cross the placenta;

      b.    DES and other drugs and chemicals that crossed the placenta could effect and injure the developing fetus;

      c.    DES was a "target" drug, i.e., it targeted or effected primarily the estrogen receptor organs of the female reproductive tract, whether the primary or secondary exposed person;

      d.    DES had a potent cellular effect on female reproductive organs;

e.    DES was not efficacious and of no value in the prevention of miscarriages for which it was promoted by Defendant;

f.    DES was a teratogen to the reproductive tract of fetal animals such as mice, rats and mink when ingested by their mothers during pregnancy;

g.    raised questions about the toxicity of DES to the developing fetal female reproductive organs.

30.    Based on the above reports, it was foreseeable, expected and knowable by Defendant that DES would expose the daughters of the pregnant women who were ingesting the drug to stunt and deform their cervix and uteri and that it was foreseeable, knowable and expected in 1965 and 1966 that DES given to pregnant women could and would stunt and deform their grandchildren's birth uterus, causing prematurity with resulting injury of the grandchildren.

31.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

32.    Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's excessive advertising campaigns proclaiming the safety and efficacy of DES.

33.    As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drugs, Plaintiffs' mother, Karen Stevens, was unreasonably exposed to DES as an unborn child and the minor Plaintiffs have suffered injury, loss and damages as aforesaid.

34.  By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to the minor Plaintiffs for their DES-caused injuries, losses and damages.

## COUNT VII
### (Punitive Damages)

35.   The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendant knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendant knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

**WHEREFORE**, Plaintiff Karen Stevens, individually, demands judgment against Defendant in the sum of $1 Million ($1,000,000.00) in compensatory damages and $1 Million ($1,000,000.00) in punitive damages, plus costs.

**WHEREFORE**, Plaintiff Karen Stevens, as Mother, Guardian and Next Friend of Fenner Zimble Stevens and Maddy Olivia Stevens, Minors, demands judgment against Defendant in the amount of $10 Million ($10,000,000.00) each, in compensatory and punitive damages, plus costs.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES, P.A.

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiffs

### JURY DEMAND

Plaintiffs hereby demand trial by a jury of twelve as to all issues of material fact.

Aaron M. Levine

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KAREN STEVENS, Individually and as ]
Mother, Guardian, and Next Friend of ]
MADDY OLIVIA STEVENS and ]
FENNER ZIMBLE STEVENS, Minors, ]
                                    ]     CIVIL ACTION No. 03-CV-00265 (RMU)
             Plaintiffs, ]
     v. ]
                                      ]
ELI LILLY AND COMPANY ]
                                      ]
            Defendant. ]

PLAINTIFF KAREN STEVENS' ANSWERS TO
DEFENDANT ELI LILLY AND COMPANY'S
FIRST SET OF INTERROGATORIES

       1.     Please state your full legal name, your social security number and your date and place of birth, including the name and address of the hospital at which you were born, if any. If you have ever been known by any other name or names, please state each such name and when each such other name was used.

ANSWER:     a.     Karen Zimble Stevens

                b.     SS #   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

                c.     DOB: 8/29/66

                d.     Framingham Union Hospital, Framingham, MA

                e.     Karen Joan Zimble, 8/29/66 - 8/22/98

       2.     Please state your present residential address and all former residential addresses and the inclusive dates for each.

ANSWER:     a.     302 Kent Hollow Rd.
                            Kent, CT 06757

                            10/00 - present

                b.     8 Smith Place
                            West Cornwall, CT 06796

cc:   JMG
      PMM
      ELK          orig PC
      PC

          10/99 - 10/00

c.    888 Union Street
      Brooklyn, NY 11215

      1997 - 10/99

d.    491 3rd Street
      Brooklyn, NY 11215

      1995 - 1997

e.    408 Putnam Avenue
      Cambridge, MA 02139

      1992 - 1995

f.    26 Chandler St.
      Somerville, MA 02144

      1990 - 1992

g.    Dover Street
      Somerville, MA 02144

      1989 - 1990

h.    51 Cornell Road
      Wellesley, MA 02181

      1968 - 1989

3.    Please state your marital status.  If married, please state your spouse's full legal name, his residential address and the date of your marriage.  If formerly married, for each spouse, please state his full legal name, his present residential address, the date of your marriage, the date of its termination, and the method by which it was terminated (e.g., annulment, divorce, death of spouse).

**ANSWER:**  a.    Married

          b.    Brooke Charles Stevens

          c.    302 Kent Hollow Road
                Kent, CT 06757

      d.     Date of marriage: 8/22/98

4.     Please state the full legal name of each of your parents, including your mother's maiden name, their places and dates of birth and their current residential address or addresses. If either of your parents is deceased, please state the date, place and cause of death.

**ANSWER:**   **a.**    Mother: Sondra Perellis Zimble

          I.     Maiden name: Sondra Perellis

          ii.    date of birth: 11/3/40

          iii.   Baltimore, MD

          iv.   145 Piney Road, Cotuit, MA 02635

     **b.**    Father: Marvin Ira Zimble

          I.     Date of birth: 11/6/35

          ii.    Cambridge, MA

          iii.   36 Pickwick Way, Wayland, MA 01778

5.     Please state the address of each residence of your mother for the period beginning five years prior to the date of birth of your mother's first child through the present.

   **ANSWER:**   a.    3709 Egerton Road
                       Baltimore, MD

                       11/3/40 - 1962

             b.    195 Broadway
                       Cambridge, MA 02138

                       1962 - Nov. 1963

             c.    18 Lakeview Gardens
                       Natick, MA

                       Nov. 1963 - Oct. 1967

             d.    51 Cornell Rd.
                       Wellesley, MA 02181

Oct. 1967 - 1990

e.    50 Vineyard Rd.
Cotuit, MA 02635

1990 - 2000

f.    145 Piney Rd.
Cotuit, MA 02653

2000 - present

6.    If you contend that your mother took diethylstilbestrol ("DES" or "stilbestrol") during her pregnancy with you, please state the name and address of each physician who prescribed it; if any physician who prescribed DES is deceased, please state the name and address of the current custodian of his or her medical records; and please state the purpose for which the drug was prescribed.

ANSWER:    a.    Dr. Herbert W. Horne, M.D., 1330 Boylston St., Brookline, MA

b.    Framingham Union Hospital, Framingham, MA.  Plaintiff reserves the

right to supplement this Answer as discovery progresses.

c.    DES was prescribed to prevent miscarriage

7.    Please identify, by name and address, each pharmacy or other supplier that dispensed the DES allegedly ingested by your mother while pregnant with you.  If you do not know the name of the pharmacy, please state the name and address of each pharmacy or retail drug outlet that was patronized by your mother or father during the twelve months that preceded your birth.

ANSWER:        Suburban Pharmacy
Corner of Rt. 9 and Rt. 27
Natick, MA

8.    Describe in detail the physical appearance of the diethylstilbestrol you allege your mother ingested, including its form (for example, pill, injection, capsule), the shape, color, or size of any pill, tablet or capsule, the dosage of the DES your mother took, and any markings that may have appeared on the product.

ANSWER:        Small, round, white, uncoated, cross-scored pill with no additional

markings.

9.    Please set forth all information you have concerning the identity of the manufacturer or supplier of the DES your mother allegedly ingested while pregnant with you. State all facts upon which you base this identification, including, if known, but not limited to, the trade, generic, or brand name of the DES you allege your mother ingested. Identify by name and address all witnesses with personal knowledge of these facts.

**ANSWER:**        See Plaintiff's Answer to Interrogatory No. 8. Marketing materials such

as PDR, Matrix, Pill Identification Tables. Lilly wholesaler documents. Plaintiff reserves the

right to supplement this Answer as discovery progresses.

10.    Please state the date on which you first believed that your mother took DES during her pregnancy with you, the date you first discovered any injury you claim to be due to your exposure to DES, and the date you first believed that DES manufacturers in general or any DES manufacturer in particular acted in any way wrongly, negligently or tortuously in the manufacture or distribution of DES or in the warnings about the use of DES.

**ANSWER:**    a.    Plaintiff first believed that her mother took DES in approximately 1985.

b.    In 2001, Plaintiff was advised that in utero DES exposure might have had

some effect on the development of her reproductive tract. The nature and

consequences of this effect were unknown and vague. Plaintiff suffered

no pain, needed no treatment to correct this effect, and did not realize she

was debilitated. Plaintiff had no information, suggestion, hunch, or

inkling that the manufacturer's conduct in testing or promoting this drug

was wrongful or that the drug was unreasonably dangerous until

September 2002.

c.    September 2002 was the first date Plaintiff believed that DES

manufacturers in general or any DES manufacturer in particular acted in

any way wrongly, negligently, or tortuously in the manufacture or

distribution of DES or in the warnings about the use of DES.

11.    Please state the names and last known addresses of any attorneys with whom you have discussed or exchanged information regarding your injuries, DES in general, or Lilly.  State the approximate dates of each such discussion or exchange of information.

ANSWER:        None, other than my present attorneys who were retained in September,

2002.

12.    Please state the number of pregnancies that your mother has had, and for each such pregnancy that your mother has had, please state the approximate date the pregnancy began; the name and address of each physician, clinic, hospital or other health care professional or facility who treated your mother during that pregnancy; the identities of any drugs prescribed to or taken by your mother during that pregnancy; the approximate date the pregnancy ended; the method by which the pregnancy ended (e.g., spontaneous abortion, voluntary abortion, stillborn delivery, live birth); and if the pregnancy ended in a live birth, the name of the child and his or her present residential address.

ANSWER:    Plaintiff's mother has had three pregnancies as follows:

    a.    Karen Stevens - LMP approx. 12/1/65.  Dr. Herbert W. Horne, M.D., 1330 Boylston St., Brookline, MA.  Dr. Morris Fried, 214 N. Main Street, Natick, MA.  DES, prenatal vitamins, and thyroid medication was prescribed during this pregnancy.  Live birth, 8/29/66, Framingham Union Hospital, Framingham, MA.  Current address is 302 Kent Hollow Rd., Kent, CT 06757.

    b.    Gary David Zimble - LMP approx. 10/7/67.  Dr. Morris Fried, 214 N. Main Street, Natick, MA.  Dr. Herbert Horne, 1330 Boylston St., Brookline MA.  DES was prescribed during this pregnancy.  Live birth, 7/12/68, Framingham Union Hospital, Framingham, MA.  Current address is 186 2nd Avenue, New York, NY.

    c.    Debra Gail Zimble - LMP approx. 11/1/68.  Dr. Morris Fried, Framingham, MA.  Current address is 405 Woodmere Ave., Neptune, NJ 07753.

13.    Please describe in detail each and every physical or emotional injury you claim to have experienced as a result of exposure to DES and for each such injury, please state the date of its diagnosis; identify by name and address each health care provider (e.g., physician, psychiatrist, psychologist, clinic, hospital, other health care or mental health professional or facility) that has examined, diagnosed or treated you, or been consulted with regard to each such injury; and describe in detail the treatment rendered by each such health care provider.

ANSWER:    a.    Short, Incompetent Cervix - 2001, Dr. Howard Mortman, 50 Amenia Rd.

Sharon, CT.

    b.    Premature delivery at 33 weeks gestation of Fenner Zimble Stevens,

        8/27/99, Dr. Attiya Hafeez, Maimonides Hospital, Brooklyn, NY.  Dr.

        Norma Veridiano, 2183 Ocean Ave., Brooklyn, NY.

    c.    Premature delivery at 25 weeks of Maddy Olivia Stevens, 6/3/01, Dr.

        Ann-Marie Prabulos, John Dempsey Hospital, 263 Farmington Ave.,

        Farmington, CT.  Dr. Richard Viscarello, 1275 Summer Street, Stamford,

        CT.  Dr. Howard Mortman, 50 Amenia Rd., Sharon, CT.

    d.    Depression

    e.    Anxiety regarding future adverse pregnancy outcomes

    14.    Please identify by name and address each physician, psychiatrist, psychologist, clinic, hospital or other health care or mental health professional or facility that has rendered any medical examination, diagnosis, consultation, advice or treatment to you for any health problem, emotional problem or injury other then those which you allege are related to diethylstilbestrol.

**ANSWER:**    Plaintiff objects to this Interrogatory as overly broad, burdensome and irrelevant,

nor will it lead to the discovery or any relevant information pertaining to Plaintiff's claims.  In

addition, Plaintiff objects to any health care provider not relevant to her gynecological or

associated conditions.  Without waiving said objection, the following have provided GYN

consultation and/or examinations:

    a.    Dr. Norma Veridiano, M.D.
        2183 Ocean Ave.
        Brooklyn, NY

    b.    Dr. Howard Mortman, M.D.
        50 Amenia Rd.
        Sharon, CT

    c.    Dr. Richard Viscarello, M.D.
        1275 Summer Street

Stamford, CT

d.    Dr. Attiya Hafeez, M.D.
      Maimonides Hospital
      Brooklyn, NY.

e.    Dr. Ann-Marie Prabulos, M.D.
      John Dempsey Hospital
      263 Farmington Ave.
      Farmington, CT

f.    Dr. Donald Goldstein, M.D.
      25 Sunset St.
      Boston, MA

Plaintiff reserves the right to supplement this Answer as discovery progresses.

15.    Please state the number of pregnancies that you have had and for each pregnancy, please state the approximate date the pregnancy began; the name and address of each health care provider (e.g., physician, clinic, hospital or other health care professional or facility) who examined or treated you during your pregnancy; the approximate date the pregnancy ended; the method by which the pregnancy ended (e.g., live birth, spontaneous abortion, voluntary abortion, stillborn delivery); and, if the pregnancy ended in a live birth, the name of the child and his or her present residential address.

**ANSWER:**    Plaintiff has had two pregnancies as follows:

a.    LMP approx. 1/15/99.  Dr. Norma Veridiano, M.D., 2183 Ocean Ave.,

      Brooklyn, NY.  Dr. Attiya Hafeez, M.D., Maimonides Hospital, Brooklyn,

      NY.  Fenner Zimble Steven was born 8/27/99 at 32 weeks gestation,

      Maimonides Hospital, Brooklyn, NY.  Current address is 302 Kent

      Hollow Rd.,  Kent, CT 06757

b.    LMP approx. 9/17/01.  Dr. Dr. Howard Mortman, M.D., 50 Amenia Rd.,

      Sharon, CT.  Dr. Richard Viscarello, M.D., 1275 Summer Street,

      Stamford, CT.  Dr. Ann-Marie Prabulos, M.D., John Dempsey Hospital,

263 Farmington Ave., Farmington, CT. Maddy Olivia Stevens was born

6/3/01 at 25 weeks gestation, John Dempsey Hospital, Farmington, CT.

Current address is 302 Kent Hollow Rd., Kent, CT 06757.

16.     If you claim to have suffered or claim you will suffer a loss of earnings as a result of the injuries alleged, state from whom such earnings would have been payable, the total amount of the alleged loss and state any amounts for which you have been reimbursed, and by whom, for loss of earnings as a result of the injuries alleged.

ANSWER:     Plaintiff is not making a claim for loss of earnings at this time.

17.     State separately the total amounts, including future amounts, if any, claimed by you as special damages for:  (a) services provided by any health care or mental health care provider (including, without limitation, physicians, psychiatrists, psychologists, teachers, rehabilitation therapists, physical therapists, occupational therapists, speech therapists, counselors, social workers and nurses); (b) hospital services; and c) medical supplies.

ANSWER:     A listing of Plaintiff's Special Damages will be forwarded upon receipt and

compilation.

18.     Please state the full name, present address, area of expertise and professional training of each person expected to testify as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and the opinions to which the expert is expected to testify, provide a summary of the grounds for each opinion and identify any and all written reports made by each such expert concerning his or her findings and opinions.

ANSWER:     Plaintiff is considering calling the following:

a.     Harris Busch, M.D., Ph.D.
       Baylor Department of Pharmacology
       1 Baylor Plaza, Room 319D
       Houston, TX  77030

Dr. Busch is an expert in the field of Pharmacology and Toxicology, and is expected to

testify as to the state of the art.  Specifically, Dr. Busch will testify that Lilly failed to adequately

test for the safety of DES.

b.     Dr. Bruce F. Cohen, M.D.
       Beth Israel Deaconess Health Care

1 Brookline Place, Suite 123
Brookline, MA 02446

Dr. Cohen is an expert in the field of Obstetrics and Gynecology and Maternal Fetal Medicine, and is expected to testify that Plaintiff's DES exposure in utero caused her cervical incompetence and premature deliveries. In addition, Dr. Cohen is expected to testify as to Plaintiff's prognosis, and any medical and/or surgical treatment required for same.

c.      Dr. Richard Viscarello, M.D.
        1275 Summer Street
        Stamford, CT

Dr. Viscarello is a board certified obstetrician/gynecologist with a specialty in Maternal Fetal Medicine, and is expected to testify that the Plaintiff was exposed to DES in utero, and that this exposure has caused the Plaintiff's cervical anomalies and resultant premature deliveries.

d.      Daniel M. Sheehan, Ph.D.
        1422 Scott Street
        Little Rock, Arkansas 72202

Dr. Sheehan is an expert in the field of Toxicology. He is expected to testify as to the standard of care of the pharmaceutical industry in the employment of toxicological information gleaned from animal testing and will testify that said standard of care was violated by the defendant in its initial and then afterward promotion of DES for use in pregnancy.

e.      Brian Strom, M.D., MPH
        University of Pennsylvania Medical Center
        Department of Epidemiology and Biostatistics
        824 Blockley Hall, 423 Guardian Drive
        Philadelphia, PA 19104-6021

        Philip Cole, M.D., M.P.H.
        University of Alabama Medical School
        Ryals School of Public Health
        1665 University Boulevard
        Birmingham, AL 35294

Drs. Strom and Cole are experts in the field of Epidemiology and are expected to testify that Plaintiff's reproductive tract and anatomic anomalies are causally related to her in utero DES exposure and placed her at high risk for poor pregnancy outcomes, infertility, and pre-term delivery.

    f.  Dr. Lee Ellison, M.D.
        Connecticut Children's Medical Center
        282 Washington Street
        Hartford, CT

Dr. Lee Ellison is a board certified surgeon and is expected to testify that Plaintiff Fenner Stevens' patent ductus arteriosus and subsequent surgery with resultant medical expenses for same was causally related to his premature delivery and birth at 33 week gestation.

    g.  Dr. Catherine Leidigh
        Sharon Pediatrics
        29 Hospital Road
        Sharon, CT

        Dr. Robert McIntosh, M.D.
        50 South Main Street
        Kent, CT 06757

Drs. Leidigh and MacIntosh are board certified pediatricians and are expected to testify that Plaintiffs Maddy and Fenner Stevens' injuries are causally related to their premature deliveries and births.

    h.  Dr. Leopold
        Connecticut Children's Medical Center
        282 Washington Street
        Hartford, CT

Dr. Leopold is a board certified cardiologist and is expected to testify that Plaintiff Fenner Stevens' patent ductus arteriosus and subsequent surgery with resultant medical expenses for same was causally related to his premature delivery and birth at 33 week gestation.

i.    Dr. Robert C. Shamberger, M.D.
Children's Hospital
300 Longwood Ave.
Boston, MA 02115-5724

Dr. Richard Weiss, M.D.
Connecticut Children's Medical Center
282 Washington Street
Hartford, CT 06106-3322

Drs. Robert Shamberger and Richard Weiss are board certified surgeons and are expected

to testify that Maddy Stevens' surgeries were required because of her prematurity and resultant

gastrointestinal sequelae.

j.    Dr. Anthony Repucci, M.D.
Connecticut Children's Medical Center
282 Washington Street
Hartford, CT 06106-3322

Dr. Anthony Repucci is a board certified gastroenterologist and is expected to testify that

Plaintiff Maddy Stevens' gastrointestinal diagnoses, including but not limited to necrotizing

enterocolitis, were caused by Plaintiff's prematurity.

k.    Dr. Marilyn Sanders, M.D.
John Dempsey Hospital
263 Farmington Avenue
Farmington, CT 06030-5385

Dr. Marilyn Sanders is a board certified neonatologist and is expected to testify that

Plaintiff Maddy Stevens' diagnoses and conditions at birth were caused by her prematurity, and

required a long admission in a neonatal intensive care unit.

l.    Dr. Richard Lurito
RL Inc.
1491 Chain Bridge Rd.
#300
McLean, VA 22101

Dr. Lurito is an expert in the field of economics and is expected to testify as to the

present value of Plaintiff's loss of earnings and future needs costs for Plaintiff Maddy Stevens.

    m.    Dr. Raphael Minsky, Ed.D.
          The Christopher Condominium
          Suite 101
          4808 Moorland Lane
          Bethesda, MD 20814

    Dr. Minsky is an expert in the field of Rehabilitation Psychology and Educational /

Vocational Services, and bases his opinions on his education, training, experience and review of

the medical records, as well as an evaluation of Plaintiff. Specifically, Dr. Minsky will testify

regarding Plaintiff's current condition, her level of pain and suffering, her loss of earning

capacity, as well as her current and future care needs, rehabilitation needs, medical needs, and

the costs for such services for her lifetime. Dr. Minsky's curriculum vitae and fee for expert

testimony have previously been provided. A copy of Dr. Minsky's report will be forwarded

upon receipt.

    n.    Dr. Phillip Bussey, Ph.D., CRC
          Bussey, Davis & Associates, Inc.
          9500 Annapolis Road
          Suite B-6
          Landham, MD 20706

    Dr. Bussey is an expert in the field of Vocational Rehabilitation and bases his opinions

on his education, training, experience and review of the medical records, as well as an evaluation

of Plaintiff, and is expected to testify regarding Plaintiff's future loss of earnings and loss of

earnings capacity sustained as a result of the aforementioned injuries. A copy of Dr. Bussey's

curriculum vitae and fee for expert testimony have previously been provided. A copy of Dr.

Bussey's report will be forwarded upon receipt.

    Plaintiff reserves the right to supplement this Answer as discovery progresses.

    19.    Please identify all other persons having personal knowledge of any of the facts

bearing on your claim, and for each such person state his or her address, telephone number and relationship to you, if any.

**ANSWER:**    None, other than those persons aforementioned.  Plaintiff reserves the right to

supplement this Answer as discovery progresses.

20.    If your attorney, or any one acting on your behalf, has obtained statements in any form from any person concerning any of the events that occurred in regard to the facts alleged in your Complaint, please identify the person or persons who took the statement; identify the person currently in custody of the statement; and state whether the statement was oral or written, and, if oral, whether and in what manner it was recorded.

**ANSWER:**    My attorneys are in possession of the statements from Dr. Bruce F. Cohen, M.D.,

and Dr. Richard Viscarello, M.D.  Plaintiff reserves the right to supplement this Answer as

discovery progresses.

The information contained in these answers, as well as the word usage, sentence structure and opinions, are not solely that of the declarant; rather, they are product of counsel in preparation with declarant.

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Dated: _____8/12/03_____        _____
                                Karen Stevens, Declarant

                                AARON M. LEVINE & ASSOCIATES, P.A.

                                _____
                                AARON M. LEVINE, #7864
                                1320 19th Street, N.W.
                                Suite 500
                                Washington, D.C. 20036
                                202/833-8040

                                Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this | V^M Day of August, 2003, a true and correct copy of
· the foregoing Plaintiff Karen Stevens' Answers to Defendant Eli Lilly and Company's First Set
of Interrogatories was served via first class, postage prepaid, U.S. Mail, on counsel for
Defendant:

James J. Dillon
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600

Lawrence H. Martin
Foley Hoag LLP
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, D.C. 20006-4604

Aaron M. Levine